IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM DAUPHIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:06-cv-02543 |
| § | |
| SKY RECOVERY SERVICES, LTD., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending in this proceeding brought pursuant to the Federal Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") are Defendant's Motion Reasserting Rule 12(b)(6) Motion to Dismiss (Document No. 15), Defendant's Motion to Dismiss for Failure to Comply With the Court's Order and Motion for Sanctions (Document No. 16), and Defendant's Motion for Summary Judgment. (Document No. 17). Having considered Defendant's Motion for Summary Judgment, Plaintiff's response to Defendant's motion, the summary judgment evidence, and the applicable law, the court ORDERS,[1] for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED.

**I.   Procedural History/Background**

---

[1] On December 20, 2006, upon the consent of all the parties, this case was transferred to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 8.

Plaintiff William Dauphin ("Dauphin") alleged the following claims against Defendant Sky Recovery Services ("Sky") in Small Claims Court, Harris County Justice Precinct 4, on July 5, 2006: "Defamation, Financial Injury; Protection under FCRA; Injury to credit report and credit score; Defamation, Willful Injury; and Consumer protection afforded under the FDCPA." (Document No. 1, Attachment 1). On August 1, 2006, Sky petitioned for removal to the Federal District Court for the Southern District of Texas pursuant to the court's Federal Question Jurisdiction. *See* Document No. 1.

Sky filed a Motion for 12(b)(6) Dismissal and, in the alternative, for a More Definite Statement, on August 1, 2006. (Document No. 2). After removal to the Federal District Court for the Southern District of Texas on January 12th, 2007, the Court granted Defendant's Motion for a More Definite Statement and ordered that it include: "(1) the claim or claims asserted; (2) the statutory authority, if any, for each claim; (3) the harm alleged to have been caused by Defendant; and (4) the actions of Defendant which caused the harm, including the date of such action and the name of any individual involved in such action." (Document No. 11). On January 19, 2007, Dauphin filed a More Definite Statement, reading in its entirety:

> Claim – Validation of Debt [in] [compliance] with FDCPA, section 809(b). Sky Recovery after written request never validated debt they were seeking damages on.
>
> Statutory authority – Fair [Debt] Collection Practices Act, Section 809(b)
>
> Harm – Credit Report – Credit Score – Damaged credit worthiness
>
> Action of Defendant – failed to validate [debt] after many attempts both written and verbal."

(Document No. 12). Sky filed an original answer on February 1, 2007, denying each allegation. (Document No. 14).

2

Sky also filed a Motion Reasserting the 12(b)(6) Motion for Dismissal for failure to state a claim upon which relief can be granted (Document No. 15), a Motion to Dismiss for Failure to Comply with the Court's Order and Motion for Sanctions, alleging that Dauphin failed to include dates in his more definite statement and additionally made false allegations in support of his claim, (Document No. 16), and a Motion for Summary Judgment, (Document No. 17), on February 1, 2007. Dauphin filed responses to the Motion for Summary Judgment and the Motion to Dismiss and impose Sanctions on February 27, 2007.  (Document Nos. 18-19).

## II.   Jurisdiction

Dauphin requests that this case be remanded to small claims court. *See* Document No. 19. The Federal District Court for the Southern District of Texas has proper jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C § 1331. As such, Dauphin's claims under the Federal Fair Debt Collection Practices Act and the Fair Credit Reporting Act support jurisdiction.

## III.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This standard provides that the mere existence of some factual dispute will not defeat a motion for summary judgment. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993); *Thomas v.*

*Price*, 975 F.2d 231, 235 (5th Cir. 1992). Rather, Rule 56 mandates that the fact dispute be genuine and material. *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 314 (5th Cir. 1995). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (*citing United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Kelley v. Price Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986). Once this burden has been met, the non-moving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250. The non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Once the parties have submitted evidence of contradictory facts, justifiable inferences are to be drawn in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 257; *Veillon v. Exploration Services, Inc.*, 875 F.2d 1197, 1200 (5th Cir. 1989).

**IV.     Discussion – Federal Fair Debt Collection Practices Act**

4

Under the Federal Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692g[2], debt collectors acquire affirmative duties as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in

---

[2]Formerly §809

5

writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of Liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

§ 1692g(a)-(c).

It is undisputed that Sky Recovery Services is a debt collector under this Act. It is also undisputed that Sky sent Dauphin a collection letter on June 3, 2004, that stated as follows:

> [Sky's Contact Information Omitted]
> RE: VANDERBILT APARTMENTS
> NAME: WILLIAM DAUPHIN
> ACCOUNT: 1012
> AMOUNT DUE: $1733.10
>
> DEAR WILLIAM DAUPHIN
>
> THE ABOVE MENTIONED ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION.
>
> IT IS OUR INTENTION TO RESOLVE THIS SERIOUSLY DELINQUENT MATTER ON A [sic] AMICABLE BASIS. WE FEEL YOU DESERVE THE OPPORTUNITY TO SETTLE THIS PROBLEM.
>
> WE HAVE PROVIDED YOU WITH A RETURN ENVELOPE, YOU SHOULD MAIL THE TOTAL AMOUNT DUE. THIS WILL SHOW YOUR GOOD FAITH INTENTIONS.
>
> SINCERELY,
> SKY RECOVERY SERVICES, LTD
>
> UNLESS YOU NOTIFY THIS OFFICE IN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.

> IF YOU NOTIFY THIS OFFICE IN WRITING IN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THIS DEBT OR OBTAIN A COPY OF A JUDGMENT AGAINST YOU AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.
> IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 [DAYS] AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
> SKY RECOVERY SERVICES, LTD IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A CONSUMER DEBT. ALL INFORMATION WILL BE USED FOR THAT PURPOSE.

(Document No. 17, Exhibit 4).

The June 3, 2004 letter presented all of the disclosures required by § 1692g(a) in a clear and undeceiving manner. In his response, Dauphin does not deny receipt of this letter, but instead claims that it "does not validate the debt it gives me no specifics on what debt was for." (Document No. 19). However, all that is required by the Federal Fair Debt Collection Practices Act within five days of the initial communication is the amount of the debt, the name of the creditor, and the appropriate disclosures.

§ 1692g(a)(1)-(5). Sky satisfied their legal obligations by providing the required disclosures, the creditor's name, Vanderbilt Apartments, and the amount of the debt, $1733.10. No further information was required.

As there is no issue of material fact pertaining to whether the required disclosures were made, it must next be determined whether Dauphin put the debt in dispute such that Sky was required to take further action. Upon written dispute of a debt within thirty days, affirmative obligations are imposed on the debt collector by § 1692g(a)(4)-(5) and § 1692g(b) to temporarily cease collection activity and provide the consumer with further information. A verbal dispute under § 1692g(a)(3), however, places no such duty on the debt collector to act or cease reporting, and merely removes a

presumption of the validity of the debt. *See Higgins v. Capitol Credit Services, Inc.*, 762 F. Supp. 1128 (D. Del. 1991).

Sky maintains that there was no written communication within thirty days of sending the June 3, 2004 letter. The record supports this contention. Dauphin did, however, call Sky on July 12th, 2004 and spoke with Joy Biles, a Sky employee.[3] *See* Document 17, Exhibit 5. At that time, Ms. Biles reiterated the details of the debt and the required disclosures, and thereby effectively renewed Mr. Dauphin's thirty-day deadline to dispute the debt. *Id*.

Dauphin did not send a written dispute of the debt within that thirty-day period. Instead, the record shows that Dauphin disputed the debt verbally on July 20, 2004. *See* Document No. 17, Exhibit 5. Assuming that this dispute was timely based on Ms. Biles effective renewal of the thirty-day deadline, the verbal dispute did not require Sky, under § 1692g(a)(4) and § 1692g(b), to cease collection efforts and obtain verification of the debt. The verbal dispute only removed the presumption of validity from the debt and foreclosed Sky from representing that the debt was not in dispute. *See* § 1692g(a)(3); § 1692e(8). A review of the summary judgment evidence reveals no evidence that Sky, following Dauphin's verbal dispute on July 20, 2004, represented that the debt was not in dispute. In the absence of such evidence, Dauphin has made no showing of a violation of § 1692e(8) of the Fair Debt Collection Practices Act. While Dauphin did dispute the debt in writing on April 24, 2006 and June 2, 2006, this fell well outside of the thirty-day dispute period provided for in § 1692g(a)(4)-(5), and thereby imposed no obligation on Sky to cease collection

---

[3]Though there is no evidence of the date of Dauphin's receipt of the June 3, 2004 letter, it may be assumed that Dauphin received the letter, and consequently obtained Sky's name and phone number therefrom, on some date prior to the date he spoke to Ms. Biles.

efforts and/or verify the debt. Sky, nonetheless sought to verify the debt through TransUnion, which sent a copy of the verification to Dauphin on October 6, 2006.[4] *See* Document No. 17, Exhibit 2.

Because there is no summary judgment evidence in the record that Dauphin did not receive the disclosures required by § 1692g(a), no summary judgment evidence that Dauphin filed a timely, written dispute of the debt, and no summary judgment evidence that Sky misrepresented the disputed nature of the debt, Sky is entitled to summary judgment on Dauphin's claim under the Fair Debt Collection Practices Act. In addition, as there has been no showing that Dauphin brought the suit in bad faith or to harass Sky, an award of attorney's fees under § 1692k(a)(3) is not warranted.

## V. Discussion – Fair Credit Reporting Act

Dauphin's claim under the Fair Credit Reporting Act was not included in the More Definite Statement and is hereby dismissed for want of prosecution.[5] FED R. CIV. P. 41(b). Plaintiff provides no evidence in support of this claim and alleges no actual damages which he could recover.

A duty does not arise for a furnisher of information to a credit reporting agency under 15 U.S.C.A § 1681s2-(b) until they have received notice from a credit reporting agency that the consumer is disputing the debt. No facts have been alleged to assist the court in this determination. Even if Sky had a duty under the Fair Credit Reporting Act, Sky took reasonable means to validate the debt through TransUnion, which found the dispute frivolous and provided further dispute options to the plaintiff. *See* Document No. 17, Exhibit 2.

---

[4]The court recognizes that, had Dauphin made a timely written dispute, the verification would need to be sent directly from Sky to Dauphin as Mr. Dauphin asserts in his response. *See* § 1692g(b).

[5]*See* Document No. 11.

## VI.  Discussion – Defamation

Though contained in the original pleadings, Dauphin's state-law defamation claims were not included in the More Definite Statement.  Pursuant to the order of January 12, 2007, the defamation claims are hereby dismissed for want of prosecution.[6]  FED R. CIV. P. 41(b).  Additionally, Dauphin has not presented any evidence to support these claims.  Under Texas law, in order to succeed on a defamation claim, a plaintiff must prove that (1) the defendant published a statement, (2) which was defamatory concerning the plaintiff, (3) while acting with negligence regarding the truth. *WFAA TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).  The Plaintiff has not presented evidence in support of any of the elements of a cause of action for defamation.

## VII.  Conclusion and Order

Based on the foregoing and the finding that Plaintiff presents no issue of material fact to support his claims under the FDCPA, the FCRA, or for defamation, it is

ORDERED that Defendant Sky Recovery Service's Motion for Summary Judgment (Document No. 17) is GRANTED, and summary judgment is GRANTED in favor of Defendant on all the claims alleged by Plaintiff William Dauphin.

Signed at Houston, Texas, this 11th day of April, 2007.

_____
Frances H. Stacy
United States Magistrate Judge

---

[6]*See* Document No. 11.

11